1  Glenn W. Peterson, Esq. (SBN 126173)
2  **MILLSTONE PETERSON & WATTS, LLP**
   *Attorneys at Law*
3  2267 Lava Ridge Court, Suite 210
   Roseville, CA 95661
4  Telephone: (916) 780-8222
   Fax No: (916) 780-8775
5

6  Attorneys for Plaintiff,
   *Baja Insurance Services, Inc.*
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| BAJA INSURANCE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHANZE ENTERPRISES, INC. d/b/a BAJA AUTO INSURANCE,<br>and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGMENT AND RELATED CLAIMS**<br><br>JURY DEMAND |

    Plaintiff, Baja Insurance Services, Inc. (hereinafter "BAJA" or "Plaintiff"), by and through its undersigned counsel, hereby files this Complaint with Jury Demand against Defendant, Shanze Enterprises Inc. d/b/a Baja Auto Insurance (hereinafter "Defendant").

                              **COMPLAINT**

    Plaintiff complains and alleges as follows:

                               **PARTIES**

    1. Plaintiff is a corporation that is incorporated in the State of California, doing business under the name of BAJA INSURANCE SERVICES, INC., with its principal place of business in Sacramento, California.

/ / /



2. Upon information and belief, Defendant, Shanze Enterprises, Inc., is a corporation that is incorporated in the State of Texas, doing business under the trade name and/or service mark, "Baja Auto Insurance," with its principal place of business in Dallas, Texas.

3. Upon information and belief, Defendant DOES 1-10 are corporate entities, registered business entities, and/or corporate officers conducting the actions of Defendant or otherwise complicit with Defendant.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement and false designation of origin/false advertising under the Lanham Act, 15 U.S.C. §1125, and pendent claims under state law. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. §1331, §1338(a) and §1367. Additionally, diversity jurisdiction also exists pursuant to 28 U.S.C. § 1332(a)(1), since this action involves citizens of different states and Plaintiff's claims for relief herein exceed the sum or value of $75,000.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a), (b) and (c), as one or more Defendants have committed acts of infringement and unfair competition in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this district. Moreover, for the reasons more particularly alleged herein below, Defendant's conduct has caused injury and harm to Plaintiff in this judicial district.

6. This Court has personal jurisdiction over Defendant for the additional reason that Defendant's infringement of BAJA's intellectual property rights was directed to the Plaintiff in the State of California and the effect of Defendant's out-of-state conduct has caused substantial injury to BAJA in California and particularly in this judicial district.

## GENERAL ALLEGATIONS

7. Plaintiff is a full-service insurance brokerage firm offering insurance products and services including auto, home, life, and business insurance. BAJA has been in business in the State of California since 1998, marketing and advertising its products and services under the name BAJA

COMPLAINT FOR TRADEMARK INFRINGEMENT

INSURANCE SERVICES, INC. Since its inception, BAJA has earned a sterling reputation in the insurance industry and among consumers.

8. Defendant, Shanze Enterprises, Inc., uses in interstate commerce the trade name or service mark "Baja Auto Insurance" ("infringing mark") and also uses the infringing mark as a web site domain name (www.bajaautoinsurance.com) to promote services that are virtually identical to those offered by Plaintiff. For an unknown time period, Defendant has been offering for sale and selling insurance related products and services (under confusingly similar derivations of BAJA's registered trademarks) that are directly competitive with those of BAJA. BAJA first became aware of Baja Auto Insurance in November 2012. BAJA thereafter sent three cease and desist letters to Defendant and received no response whatsoever.

9. BAJA is the owner of valid and subsisting United States Trademark/Service Mark Registration No.'s 3,568,815 and 3,919,175 on the Principal Register in the United States Patent and Trademark Office for the trademark/service mark BAJA INSURANCE SERVICES, INC. (hereinafter "BISI MARKS") for insurance related products and services, which have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 and Exhibit 2 are true and correct copies of the registration certificates and maintenance records for Plaintiff's United States Trademark/Service Mark Registration No.'s 3,568,815 and 3,919,175, which were issued by the United States Patent and Trademark Office on February 3, 2009 and February 15, 2011, respectively.

10. BAJA has used the BISI MARKS in commerce throughout the California region in the United States continuously since 1998, in connection with the offering for sale, sale, marketing, advertising and promotion of insurance related products and services. BAJA's first use in commerce of the BISI MARKS was October 10, 1998. BAJA has continuously, openly and widely used the BISI MARKS ever since.

11. As a result of its widespread, continuous and exclusive use of the BISI MARKS to identify its insurance related goods and services and BAJA as their source, BAJA owns valid and subsisting federal statutory and common law rights to the BISI MARKS.

/ / /

3
COMPLAINT FOR TRADEMARK INFRINGMENT

12. BAJA's BISI MARKS are distinctive to both the consuming public and BAJA's trade. BAJA has expended substantial time, money and resources marketing, advertising and promoting the insurance related goods and services sold under the BISI MARKS including through BAJA's radio, television, print and internet marketing and advertising. During the period from 1998 to present alone, BAJA has expended approximately Four Million ($4,000,000.00) US Dollars on the marketing, advertising and promotion of the insurance related goods and services sold under the BISI MARKS.

13. BAJA offers and sells its insurance related goods and services under its BISI MARKS to the general public, with approximately eighty-five percent (85%) of BAJA's business deriving from the Hispanic market.

14. The insurance related goods and services offered by BAJA, which includes, but is not limited to, automobile, commercial, renter's, life, RV and boat insurance, and which goods and services are offered under the BISI MARKS, are of high quality, in that, BAJA has spent 16 years in the insurance business and has become expert in the field of brokering said insurance related goods and services.

15. As a result of BAJA's expenditures and efforts, the BISI MARKS have come to signify the high quality of the insurance related goods and services designated by the BISI MARKS, and acquired incalculable distinction, reputation and goodwill belonging exclusively to BAJA.

16. BAJA's BISI MARKS and the insurance related goods and services offered thereunder have received widespread coverage in various media, including radio, television, print and internet.

17. As a result of its distinctiveness and widespread use and promotion, BAJA's BISI MARKS are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and are therefore worthy of protection under the Lanham Act's anti-dilution provisions.

18. Between 1998 and 2008, Plaintiff was on a growth and expansion track. During this time, Plaintiff continued to enlarge its operations, developing a niche market in the Hispanic community with its customer base being made up of approximately 80-85% Hispanic clients. Plaintiff has always made the BISI MARKS as part of targeted advertising and marketing directed predominately towards the Hispanic demographic.

COMPLAINT FOR TRADEMARK INFRINGMENT

19. As a result of its successful expansion strategies, Plaintiff opened its eighth office in the Sacramento area and began focusing its expansion efforts on Texas, Nevada and Arizona markets, due to the business potential that exists within their respective Hispanic demographics. Plaintiff also contemplated expanding into other states as well. Plaintiff estimated that expansion into these other Hispanic markets would likely quadruple its annual revenue.

20. Due to the economic collapse that pervaded the U.S. economy beginning in late 2008, Plaintiff's expansion plans had to be put on hold as the company went through a series of contractions in order to adjust to the hard times.

21. As early as 2011, Plaintiff began receiving telephone calls, emails and written correspondence from various Texas residents who were either requesting insurance quotes, asking for customer service, making insurance claims and/or making yearly premium payments. Plaintiff also began receiving numerous letters from insurance carriers that referenced Texas policy holders. The number and frequency of these phone calls, emails, and written correspondence steadily increased over time. Eventually, Plaintiff realized that these communications were intended for Defendant. But the process of coming to that realization caused substantial diversion of Plaintiff's resources and business interruption, all of which was felt in its headquarters office in Sacramento.

22. As part of Plaintiff's investigation concerning the misdirected communications mentioned above, Plaintiff discovered Shanze Enterprises, Inc., doing business as Baja Auto Insurance. It was also discovered that Baja Auto Insurance had applied to the USPTO to obtain a trademark for the name "Baja Auto Insurance," however, this application was apparently abandoned in May 2009.

23. As a result of interaction with the consumers and insurance companies who initiated all of the aforementioned communications, it was discovered that all such communications received by Plaintiff were intended for Baja Auto Insurance.

24. Since November of 2012, Plaintiff has sent at least three cease and desist letters to Defendant, requesting that Defendant discontinue its use of the infringing mark "Baja Auto Insurance." Defendant has failed and/or refused to comply or to provide any response whatsoever.

COMPLAINT FOR TRADEMARK INFRINGMENT

25. The foregoing circumstances have cause actual interference with Plaintiff's efforts to expand into other Hispanic markets. For example, in late 2012, Plaintiff applied for a non-resident license with the Texas Department of Insurance and filed related paperwork with the Secretary of State in early 2013. Plaintiff opened a virtual office in the State of Texas in approximately June of 2013 and began scouting for insurance agents and managers to work for the company in the Dallas area. In this regard, Plaintiff received mis-directed job applications from individuals apparently desiring to work for Defendant, and had job applicants discontinue communications with the company after learning that Plaintiff was not, in fact, affiliated with Defendant. Thus, the actual confusion engendered by Defendant's infringing mark has caused even further public confusion and disruption of Plaintiff's business.

26. Plaintiff is informed and believes that Baja Auto Insurance is set to be purchased by one of Plaintiff's direct competitors, Freeway Insurance. Freeway Insurance, Inc. is one of the largest privately-owned insurance agencies and operates throughout the United States. The sale of Baja to Freeway would cause further confusion to the public and further actual injury to Plaintiff if Freeway were to conduct business in California under the name Baja Auto Insurance and/or continue to conduct business under the name Baja Auto Insurance in the State of Texas.

27. Plaintiff has thus suffered actual damages, including lost profits, as a result of Defendant's misconduct in an amount to be proven at trial. Additionally, the harm to Plaintiff arising from Defendant's acts is not fully compensable by money damages. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Defendant is preliminarily and permanently enjoined.

## FIRST CLAIM FOR RELIEF

### (TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(A))

### (TRADEMARK INFRINGEMENT – CAL. BUS. & PROF. CODE §14245)

28. Plaintiff incorporates by this reference each and every preceding allegation as if set forth in full at this point.

29. Defendant's trade name and domain name "Baja Auto Insurance" is confusingly similar to the BISI MARKS in meaning and overall impression and is similar in appearance and

COMPLAINT FOR TRADEMARK INFRINGMENT

pronunciation. Additionally, the goods/services sold by Defendant in connection with its mark are virtually identical to those sold by Plaintiff under the BISI MARKS. As such, the use of Defendant's mark in connection with its goods/services is likely to cause confusion, or to cause mistake, or to deceive consumers in light of Plaintiffs trademarks. Defendant has thus infringed Plaintiff's trademark rights under the Lanham Act, 15 U.S.C. §1114(a) and Cal. Bus. & Prof. Code § 14245.

30. Plaintiff has suffered actual damages, including lost profits, as a result of Defendant's infringement in an amount to be proven at trial. Additionally, the harm to Plaintiff arising from Defendant's acts is not fully compensable by money damages. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Defendant is preliminarily and permanently enjoined. Plaintiff is therefore entitled to both monetary and injunctive relief.

31. Upon information and belief, Defendant was aware of the Plaintiff's trademarks and Defendant's unauthorized use of its infringing mark was therefore willful, intentional, and/or deliberate as a matter of fact and law. Plaintiff is therefore entitled to treble damages and an award of costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**(UNFAIR COMPETITION, FALSE ADVERTISING – 15 U.S.C. §1125(A); CAL. BUS & PROF. §17500)**

32. Plaintiff hereby incorporates by this reference each and every preceding allegation as set forth fully herein.

33. Defendant's use of the infringing mark on goods/services virtually identical to Plaintiff's has caused, and is likely to causing confusion, deception mistake among consumers in light of Plaintiff's use of the BISI MARKS.

34. Defendant has therefore engaged in trademark infringement, false advertising and unfair competition under the Lanham Act, 15 U.S.C. §1125(a), and under the common law.

35. Defendants' aforementioned conduct is a further violation of California law, namely, California Business and Professions Code section 17500, which provides:

///

COMPLAINT FOR TRADEMARK INFRINGMENT

> **17500.** It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading,
> and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised.  Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

36. By engaging in the foregoing activities, Defendants have engaged in unfair competition as defined by California Bus. & Prof. Code §§17200, et seq. and Defendants' wrongful use of Plaintiff's Mark and violation of the aforementioned laws and regulations represents unfair, deceptive, and misleading advertising in violation of California Bus. & Prof. Code §§17500, et seq.

37. Plaintiff has suffered actual harm, including lost profits, as a result of Defendant's misconduct in an amount to be proven at trial.  Additionally, the harm to Plaintiff arising from Defendant's acts is not fully compensable by money damages.  Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Defendant is preliminarily and permanently enjoined.  Plaintiff is therefore entitled to both monetary and injunctive relief.

38. Upon information and belief, Defendant was aware of the Plaintiff's trademarks and Defendant's unauthorized use of its infringing mark was therefore willful, intentional, and/or deliberate as a matter of fact and law.  Plaintiff is therefore entitled to treble damages and an award of costs and attorneys' fees.

/ / /

/ / /

/ / /

**WHEREFORE**, it is respectfully requested that the Court enter a judgment in favor of Plaintiff as follows:

A.  That the Court enter judgment declaring that Defendant's use of the name or mark "Baja Auto Insurance" is likely to cause confusion with Plaintiff's trademarks and results in trademark infringement in violation of the Lanham Act 15 U.S.C. § 1114(a) and Cal. Bus. & Prof. Code §14245;

B.  That the Court enter judgment declaring that Defendant's use of the "Baja Auto Insurance" (or derivations thereof) is likely to cause confusion with at least one of Plaintiff's trademarks and results in unfair competition in violation of the Lanham Act 15 U.S.C. § 1125(a), and the common law;

C.  That the Court enter judgment declaring that Defendant's use and registration of the domain name www.bajaautoinsurance.com is a violation of the Lanham Act 15 U.S.C. § 1125(d) and that Defendant be required to transfer the subject domain name to Plaintiff;

D.  That the Court enter judgment declaring that Defendant's use of "Baja Auto Insurance" deceives consumers and results in unfair competition and false advertising in violation of the Lanham Act 15 U.S.C. §1125(a)(1)(A) and Cal. Bus. & Prof. Code §17500;

E.  That the Court preliminarily and permanently enjoin Defendant from using in commerce any mark that constitutes false advertising or infringes or competes unfairly with Plaintiff's marks, including Defendant's use of "Baja Auto Insurance" referenced herein;

F.  That Defendant be ordered to conduct corrective advertising to correct consumer confusion.

G.  That Defendant be ordered to pay monetary damages to Plaintiff in an amount to be determined by this Court;

H.  That Defendant be ordered to pay Plaintiff's reasonable attorneys' fees and costs associated with this action pursuant to the Lanham Act and/or state statutes;

I.  That Defendant be required to pay prejudgment and post-judgment interest until such awards are paid; and

/ / /

J.     That Defendant has such other and further relief as shall seem just and proper to the Court.

**Pursuant to FRCP Rule 38(b), Plaintiff demands a jury on all claims and issues so triable.**

DATED: October 15, 2014              **MILLSTONE PETERSON & WATTS, LLP**
                                     *Attorneys at Law*


                                     By:       /s/ GLENN W. PETERSON
                                                 GLENN W. PETERSON

                                     Attorneys for Plaintiff,
                                     *Baja Insurance Services, Inc.*


I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Glenn W. Peterson

COMPLAINT FOR TRADEMARK INFRINGMENT