JUSTIN M. WELCH, Texas Bar No.: 24003876,
  admitted *pro hac vice*
Email:  jwelch@blazierlaw.com
**Attorney for Baja Insurance Services, Inc.**

**A member of the firm of:**

**BLAZIER, CHRISTENSEN, BROWDER**
  **& VIRR, P.C.**
Attorneys and Counselors
901 S. Mopac Expy., Bldg. V, Ste. 200
Austin, Texas 78746
512.476.2622
(fax) 512.476.8685

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **BAJA INSURANCE SERVICES, INC.,**<br>    *Plaintiff*<br><br>v.<br><br>**SHANZE ENTERPRISES, INC., n/k/a**<br>    **PLANO INSURANCE GROUP, INC.**<br><br>**CONFIE INSURANCE GROUP HOLDINGS, INC.,**<br><br>**CONFIE SEGUROS TEXAS, INC., and**<br><br>**CONFIE SEGUROS, INC., all d/b/a BAJA**<br>    **AUTO INSURANCE**<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NUMBER**<br><br>**2:14-cv-02423-KJM-AC**<br><br><br><br><br><br>**PLAINTIFF'S THIRD AMENDED**<br>**ORIGINAL COMPLAINT &**<br>**APPLICATION FOR INJUNCTIVE RELIEF** |

   COMES NOW PLAINTIFF, Baja Insurance Services, Inc. ("Baja"), and files this, its

Third Amended Original Complaint and Application for Injunctive Relief, complaining of

DEFENDANTS, Shanze Enterprises, Inc., n/k/a Plano Insurance Group, Inc. ("Plano"), Confie

Insurance Group Holdings, Inc. ("Confie"), Confie Seguros Texas, Inc. ("Confie Seguros

Texas"), and Confie Seguros, Inc. ("Confie Seguros"), all doing business as "Baja Auto

Insurance," and in support would show the Court as follows:

## I. PARTIES

1. Plaintiff is domestic corporation, organized under the laws of the State of California.

2. Defendant, Plano Insurance Group, Inc., was formerly known as Shanze Enterprises, Inc., having changed its name with Texas' Secretary of State in February 2015, after initiation of this litigation. It has been duly served with a summons and has appeared in the litigation.

3. Confie Insurance Group Holdings, Inc., is believed to be registered under the laws of either the State of Delaware or California, and can be served with process through its President, Mody Rothberg, its Chief Executive Officer, Joseph Waked, its Chief Operating Officer, Valeria Rico, or its Chief Financial Officer, Robert Trebing, all at 7711 Center Ave., Suite 200, Huntington Beach, California 92647.

4. Confie Seguros Texas, Inc., is a foreign corporation, organized under the laws of the State of Delaware, and can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

5. Confie Seguros, Inc., is a foreign corporation, organized under the laws of the State of Delaware, and can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

## II. JURISDICTION & VENUE

6. This Court has federal-question subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a). Specifically, this complaint includes actions under The Lanham Act. This Court has supplemental jurisdiction over all non-federal questions under 28 U.S.C. §1367 as the

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

claims are so related to those over which the court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and (3), in that Defendants have committed acts of infringement and unfair competition in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this district. Moreover, Defendants' conduct has caused injury and harm to Plaintiff in this district, including thousands of instances of consumer confusion resulting in contact by those so confused with Plaintiff in this district.

8. This Court has general and specific personal jurisdiction over Defendants. Specifically, the effects of the confusion caused by Defendants' use of the trademark at issue have been felt in Sacramento, California. For example, Plaintiff has received telephone calls, emails, faxes and written correspondence from Texas residents inquiring about employment, requesting insurance quotes, asking for customer service, making insurance claims and wanting to make yearly premium payments. Plaintiff also began receiving numerous letters from insurance carriers that referenced Defendants' Texas policy holders in addition to premium checks intended to pay the policies of Defendants' clients. This actual confusion, directed to Plaintiff's Sacramento headquarters, is set forth more fully below in paragraph 15, and the effects – including significant efforts to correct the confusion – were experienced there.[1] Moreover, Confie, Confie Seguros, and Confie Seguros have systematic and continuous contacts within the State of California. Specifically, at least Confie sells insurance to California residents. Moreover, all three entities are headquartered, or otherwise maintain offices and significant aspects of their operations in California."

---

[1] Plaintiff originally and mistakenly plead that Shanze Enterprises, Inc., was selling insurance to California residents and had corporate and other offices in the state (Doc. 57). Plaintiff has since realized this is inaccurate and has filed this amended complaint to correct the error.

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

## III. BACKGROUND AND SUPPORTING FACTS.

9. Plaintiff is a full-service insurance brokerage firm offering auto, home, life, and business insurance products and services. It has been in business since at least October 1998, marketing and advertising its products and services under the name "Baja Insurance Services, Inc." ("Word Mark"). It has also incorporated the Word Mark in the following logo, that it has also used since at least October 1998 (the "Logo"):



10. Plaintiff filed an application for registration of the Logo on June 11, 2007, with the U.S. Patent and Trademark Office ("PTO"). The application was eventually approved and the Logo registered. A copy of the registration certificate is attached as Exhibit A. The mark was declared incontestable in June 2014. A copy of the PTO's Notice of Acceptance of the incontestability declaration is attached as Exhibit D.

11. Plaintiff also filed an application for the Word Mark with the PTO on April 14, 2010, which was also eventually approved and registered. A copy of the registration certificate is attached as Exhibit B.

12. PLANO offers almost identical insurance services and products as Plaintiff. Through at least February 2015, it offered those services under the name "Baja Auto Insurance" as well as the following logo ("Infringing Marks"):



13. On November 26, 2009, PLANO filed an application for the logo with the PTO.

The PTO denied registration "because of a likelihood of confusion with the mark in U.S. Registration NO. 3568815," which is Plaintiff's registration for its Logo.[2] PLANO did not respond to the denial, or otherwise attempt to rebut the PTO's conclusion, and the application was abandoned in September 2010. A copy of the PTO's complete file for the application is attached as Exhibit C, including the PTO's explanation for its denial as set forth in its "Office Action" letter.

14. In February 2015, PLANO sold its assets to Confie and Confie Seguros Texas. The sale is memorialized in an Asset Purchase Agreement expressly listing the Infringing Marks as part of the assets sold.[3] Confie, Confie Seguros and Confie Seguros Texas are currently offering identical products and services as Plaintiff, under the Infringing Mark.

15. The use of the Infringing Marks by Confie, Confie Seguros, and Confie Seguros Texas, as well as PLANO's use before them, has caused thousands of instances of confusion. For example, in 2011, Plaintiff began receiving telephone calls, emails, faxes and written correspondence from various Texas residents inquiring about employment, requesting insurance quotes, asking for customer service, making insurance claims and wanting to make yearly premium payments. Plaintiff also began receiving numerous letters from insurance carriers that referenced Defendants' Texas policy holders in addition to premium checks intended to pay the policies of Defendants' clients. The number and frequency of these phone calls, emails, faxes and written correspondence has steadily increased over time. All of these communications were directed to Plaintiff's headquarters in Sacramento, California. Eventually, Plaintiff realized that these communications were intended for PLANO, and then the Confie entities after the February 2015 asset sale.

---

[2] See PTO's Office Action letter at Exh. C (explaining the grounds for the rejection).
[3] See Asset Purchase Agreement at Bates no. Plano 00337.

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

16.     Since November of 2012, Plaintiff has sent at least three cease and desist letters to Defendant, requesting that Defendant discontinue use of the Infringing Marks. Defendant failed to comply or to provide any response whatsoever. The Confie defendants have similarly refused to comply with similar requests, and have continued using the Infringing Marks.

17.     The foregoing circumstances have caused actual interference with Plaintiff's efforts to expand into other markets. For example, in late 2012, Plaintiff applied for a non-resident license with the Texas Department of Insurance, and filed related paperwork with the Secretary of State in early 2013. Plaintiff opened a virtual office in the State of Texas in approximately June of 2013 and began scouting for insurance agents and managers to work for the company in the Dallas area. Plaintiff received job applications from individuals apparently desiring to work for PLANO, and has had job applicants discontinue communications with the company after learning that Plaintiff was not, in fact, affiliated with PLANO.

### IV.  CAUSES OF ACTION.

### A) LANHAM ACT VIOLATIONS.

18.     Plaintiff's registration of the Word Mark and Logo are *prima facie* evidence of the validity of the marks, Plaintiff's ownership of them, and its exclusive right to use them.[4] Moreover, because the registration for the Logo has become incontestable under 15 U.S.C.A. §1065, the registration certificate at Exhibit B is "conclusive" evidence of the mark's validity and registration, as well as Plaintiff's ownership of, and exclusive right to use it in commerce.[5] Indeed, because the text "Baja Insurance Services, Inc." is the most salient feature of the Logo,

---

[4] *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F.Supp.2d 585, 595-596 (S.D.N.Y. 2010) (emphasis added) (quoting 15 U.S.C.A. §1057(b) and stating a "certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the *validity* of the registered mark and of the registration of the mark, of the registrant's *ownership* of the mark, and of the registrant's *exclusive right to use* the registered mark . . .").
[5] *See* 15 U.S.C.A. §1115(b).

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

these presumptions and protections extend to "Baja Insurance Services, Inc." even when used separately from the logo.[6]

19.     Defendants' use of the Infringing Marks, as well as any use of the term "Baja," to identify their businesses is likely to cause, and has caused, confusion or mistake by Plaintiff's existing and potential customers, and others, as to the Plaintiff's connection with Defendants, or the origin, sponsorship, or approval of Defendants' businesses by Plaintiff.  In this regard, Defendants' use of the Infringing Marks violates 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A).

20.     As a result of Defendants' infringement, Plaintiff has suffered damages as measured by customers who purchased Defendants' services and products based on the goodwill established by Plaintiff in the Logo and Word Mark.   Plaintiff seeks recovery of these amounts under 15 U.S.C.A §1117(a).  Moreover, to the extent the Court finds actual damages inadequate, Plaintiff seeks an award up to three times the amount of actual damages.  Also under §1117(a), Plaintiff further seeks recovery of Defendant's profits while using the Infringing Marks.  And, to the extent these profits are inadequate, Plaintiff seeks an award of damages that the Court feels is just given the circumstances of the case.  All of the damages sought are available for Defendants' infringement of the Logo and Word Mark, and even if unregistered, those damages are still available.[7]

21.     Finally, Plaintiff seeks damages it has sustained as a result of dealing with the instances of consumer confusion, including those described herein.  These damages are generally

---

[6] ***KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.***, 408 F.3d 596, 603-04 (9th Cir. 2005, *no writ*) (finding that words "micro fibers", as part of incontestable logo, as "salient" features of the logo, were similarly incontestable).

[7] *See **GMA Accessories, Inc. v. Idea Nuova, Inc.**,* 157 F.Supp.2d 234, 242 (S.D.N.Y.,2000, *no writ*) (citing 15 U.S.C. §§ 1117 and 1125 for proposition that damages available under §1117 are available for infringement of both registered and unregistered marks).

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

characterized as lost productive man-hours addressing confused customers and job applicants, returning or redirecting premium payments, and rectifying many other instances of confusion.

### B) UNFAIR COMPETITION & FALSE ADVERTISING.

22.     California statute provides a cause of action for unfair competition and false advertising based on infringement of trademarks.[8]  The elements of such an action are the same as those under federal trademark law."[9]  Therefore, for the same reasons that Defendants have infringed Plaintiff's trademarks, they have unfairly competed with Plaintiff.  Plaintiff seeks recovery of damages suffered thereby, as well as disgorgement of Defendants' profits from use of the Logo and Word Mark, and any use of the term "Baja."

### V.  REQUEST FOR PERMANENT INJUNCTIVE RELIEF

*i.  Injunctive Relief Pursuant to 15 U.S.C. §1116.*

23.     Plaintiff seeks a permanent injunction pursuant to 15 U.S.C. §1116, enjoining Defendants from using the Infringing Marks or any variation thereon that includes the term "Baja."  Injunctive relief in a trademark case requires that

> "[1] a party [f]irst . . . must prove that the name he seeks to protect is eligible for protection. [2] He must then prove he is the senior user . . .[3] [H]e must then show a likelihood of confusion between his mark and that of the defendant.  [4] Finally, . . . he must show that the likelihood of confusion will actually cause him irreparable injury for which there is no adequate legal remedy."[10]

24.     The Logo and Word Mark are eligible for protection.  Specifically, they are properly registered with the U.S. Patent and Trademark Office, they are neither generic nor

---

[8] *Lanard Toys Ltd. v. Novelty, Inc.*, 511 F.Supp.2d 1020, 1029-30 (C.D.Cal. 2007) (citing CAL.BUS.&PROF.CODE §17200); *see also* **St. Ives Laboratories, Inc. v. Nature's Own Laboratories**, 529 F.Supp. 347, 350 (C.D.Cal. 1981) (finding use of similar mark causing likelihood of consumer confusion violates CAL.BUS.&PROF.CODE §17500).
[9] *New West Corp. v. NYM Co.*, 595 F.2d 1194, 1201 (9th Cir., 1979); *also see* **Rearden L.L.C. v. Rearden Commerce, Inc.**, 597 F.Supp.2d 1006, 1015-16 (N.D.Cal. 2009).
[10] *Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 309-10 (5th Cir. 2008).

merely descriptive of Plaintiff's services, and have not been subject to cancellation or other adverse ruling from the PTO or a court. And again, Plaintiff's registration of the Word Mark and Logo are *prima facie* evidence of the validity of the marks, Plaintiff's ownership of them, and its exclusive right to use them.[11] Moreover, because the registration for the Logo has become incontestable under 15 U.S.C.A. §1065, the registration certificate at Exhibit B is "conclusive" evidence of the mark's validity and registration, as well as Plaintiff's ownership of, and exclusive right to use it in commerce.[12] Indeed, because the text "Baja Insurance Services, Inc." is the most salient feature of the Logo, these presumptions and protections extend to "Baja Insurance Services, Inc." even when used separately from the logo.[13]

25.   Plaintiff uses the Logo and Word Mark in commerce to identify its services and to distinguish it from others who offer the same services.

26.   Plaintiff is the senior user the Logo and Word Mark, having begun use of them by at least 1998, long before Defendants.

27.   In determining whether a likelihood of confusion exists, courts consider the following nonexhaustive list of factors:

> "(1) the type of trademark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion. No one factor is dispositive, and a finding of a likelihood

---

[11] *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F.Supp.2d 585, 595-596 (S.D.N.Y. 2010) (emphasis added) (quoting 15 U.S.C.A. §1057(b) and stating a "certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the *validity* of the registered mark and of the registration of the mark, of the registrant's *ownership* of the mark, and of the registrant's *exclusive right to use* the registered mark . . .").

[12] *See* 15 U.S.C.A. §1115(b).

[13] ***KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.***, 408 F.3d 596, 603-04 (9th Cir. 2005, *no writ*) (finding that words "micro fibers", as part of incontestable logo, as "salient" features of the logo, were similarly incontestable).

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

of confusion does not even require a positive finding on a majority of these 'digits of confusion.' "[14]

28.     Applied here, all of these factors support a finding of likelihood of consumer confusion.  Specifically, the marks used by both parties are identical in all material respects.[15] Plaintiff and Defendants' services are similar, if not identical.[16]  Plaintiff and Defendants service the identical type of customers.  Specifically, both focus on selling non-standard insurance policies primarily to lower-income Hispanics.[17]

29.     Most important, however, is the evidence of actual confusion described above. "Actual confusion . . . is 'the best evidence of a likelihood of consumer confusion.' "[18]

30.     Defendants' use of the Infringing Marks, and any use of the term "Baja," causes irreparable injury to Plaintiff.  Specifically, although it may be possible to establish some of the customers Plaintiff has and will lose to Defendants, and thereby calculate some of Plaintiff's lost revenue, it is virtually impossible to establish all of the customers lost.  Even were Plaintiff able to do so, and thereby be fully compensated for the infringement, injunctive relief is still available to prevent a multiplicity of suits to recover future damages from the infringement. [19]

31.     Moreover,  "[w]hen a likelihood of confusion exists, the plaintiff's lack of control over the quality of the defendant's goods or services constitutes an immediate and irreparable injury, regardless of the actual quality of those goods or services."[20]  Applied here, Plaintiff is unable to control the quality of Defendants' services.  The loss of this ability, combined with the

---

[14] *Paulsson Geophysical Services, Inc.*, 529 F.3d at 310
[15] See *American Auto. Ass'n v. AAA Ins. Agency, Inc.*, 618 F.Supp. 787 (W.D.Tex. 1985) (finding that similarity between marks may be based on their "sound" and "appearance").
[16] See *Xtreme Lashes, L.L.C. v. Xtended Beauty, Inc.*, 576 F.3d 221, 229 (5th Cir. 2009) (finding the " '[t]he greater the similarity between products and services, the greater the likelihood of consumer confusion' ").
[17] See *Id.* (finding that similar retail locations that compete directly for consumers in same market increases likelihood of consumer confusion).
[18] *Id.*
[19] *Braniff Airways, Incorporated v. Toren*, 50 B.R. 393, 402 (N.D.Tex. 1984).
[20] *Quantum Fitness Corp. v. Quantum Lifestyle Ctrs., L.L.C.,* 83 F.Supp.2d 810, 831 (S.D.Tex. 1999).

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

likely and actual confusion created by Defendants' use of the Infringing Marks and "Baja," irreparably harms Plaintiff.

## VI.  ATTORNEYS' FEES.

32. To the extent Plaintiff is the prevailing party in this suit, either through an award of damages, injunctive relief, or both, it is entitled to attorneys' fees and costs pursuant to 15 U.S.C. §1117(a).[21]  Specifically, this is an exceptional case, in that Defendants' infringement has and continues to be malicious, fraudulent, deliberate or willful.  For example, PLANO attempted to register a variation of Plaintiff's mark with the PTO, and despite the PTO's denial of the application, continued use of the Infringing Marks.

## VII.  PRE- AND POSTJUDGMENT INTEREST.

33. Plaintiff seeks pre- and postjudgment interest at the rates set forth in Texas' common law and Finance Code, as well as all applicable federal statutes.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that Plaintiff have final judgment for the following:

a) Actual damages;

b) prejudgment and post-judgment interest as allowed by law;

c) attorneys' fees and costs of suit; and,

d) permanent injunctive relief as set forth above.

---

[21]  *See* **Audi AG v. D'Amato**, 469 F.3d 534, 550-51 (6th Cir., 2006, *no writ*) (allowing attorneys' fees under § 1117(a) to prevailing party awarded damages or injunctive relief).

F:\Clients\60000\60390.001 Baja Insurance Infringement\ORIGINAL COMPLAINT - 3rd Amended - jmw.doc

          **Respectfully submitted,**

          _/s/ Justin M. Welch_
          JUSTIN M. WELCH,
          Tex. State Bar No.: 24003876
          **Attorney for Plaintiff**

          **A member of the Firm of:**

          **BLAZIER, CHRISTENSEN, BROWDER & VIRR, P.C.**
          Attorneys and Counselors at Law
          901 S. Mopac, Bldg. V, Ste. 200
          Austin, Texas 78746
          512.476.2622
          (fax) 512.476.8685
          Email: jwelch@blazierlaw.com

## **CERTIFICATE OF SERVICE**

     I certify that on this the 19th day of May, 2016, the foregoing document was served on the following individual(s) in the manner indicated in compliance with the Federal Rules of Civil Procedure.

Valeri C. Williams
Wilson, Elser, Moskowitz, Edelman & Dicker, L.L.P.
901 Main Street, Suite 4800
Dallas, Texas 75202
**Attorney for Shanze Enterprises, Inc.**
_Via email to_ Valeri.Williams@wilsonelser.com
  and ECM

          _/s/ Justin M. Welch_
          Justin M. Welch